IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA          )
                                  )
        v.                        )          Criminal No. 05-15
                                  )          Electronically Filed
REGONALDO DEMELIO                 )

**MEMORANDUM ORDER OF COURT**

Before the Court are three motions, two of which Defendant filed on June 25, 2013, and

one of which he field on June 26, 2013, just a few days after this Court issued an Order denying

essentially the same motions. See doc. nos. 211, 212, and 213,[1] and compare to doc. nos. 199,

200, 206, and 209.  For the reasons set forth below, the Court will DENY Defendant's most

recent Motions.

The lengthy history of this case was set forth in the Court's prior Order (doc. no. 210),

and will not be repeated here.  In addition, the Court has chosen to write this Opinion without

obtaining Responses from the Government with respect to these three Motions, because it finds

the three motions to be duplicitous of the prior four Motions.

Accordingly, the Court has construed the three Motions currently before it to be nothing

more than three Motions for Reconsideration of the Court's recently issued Order (doc. no. 210)

denying Defendant all relief sought.  In its prior Order, the Court made it clear that it was

denying: (1) Defendant's request to terminate his supervised release (see doc. no. 199); (2)

Defendant's request for a "status conference to discuss relief from his probation detainer" (see

doc. no. 200); (3) Defendant's request to terminate his prior attorney, plead guilty to breach of

contract, to terminate his term of supervised release and "reinstate" home confinement (see doc.

---

[1] These three new Motions were filed by Defendant *pro se.*

no. 206); and Defendant's request for appointment of counsel (see doc. no. 209). Doc. no. 210. The Court provided its reasons for its denials of these prior four Motions in its prior Order. See doc. no. 210.

In Defendant's Motion filed at document number 211, Defendant has requested, once again, "[h]ome [c]onfinement, [r]emove [d]etainer." In Defendant's Motion filed at document number 212, Defendant has (again) requested that this Court "hold a supervised release violation hearing" and "terminate his supervised release." In this second motion, Defendant again indicates that he will plead guilty to breach of contract and harassment. Doc. no. 212. In his third Motion, Defendant again argues he is entitled to "federal credit" for the time he has served in state prison to be held against any potential sentence this Court might impose for his alleged supervised release violation. Doc. no. 213. As noted above, all of these current requests set forth in Defendant's Motions filed at document numbers 211, 212, and 213, were previously requested and recently denied. Accordingly, the Court considers the three Motions currently before it as Motions for Reconsideration.

In considering these three Motions for Reconsideration, this Court obtains guidance from *United States v. Korey,* 2009 WL 1940381 (W.D. Pa. June 30, 2009), wherein former Chief Judge Lancaster held as follows:

> Neither the Federal Rules of Criminal Procedure nor the Local Criminal Rules for the United States District Court for the Western District of Pennsylvania provide for a "motion to reconsider" a dispositive ruling. Nevertheless, the court is of the opinion that the court has the inherent authority to revisit its own ruling if it is shown to be wrong. Indeed, the Supreme Court noted the "wisdom of giving the district courts the opportunity promptly to correct their own alleged errors." *United States v. Dieter*, 429 U.S. 6, 8, 97 S.Ct. 18, 50 L.Ed.2d 8 (1976).
>
> A dispositive judgment may be altered or amended, however, only if the party seeking reconsideration shows at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence

that was not available when the court [made its decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou–Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999) (citation omitted).

*Korey,* at *1.

The Defendant's current Motion for Reconsideration is not based upon any of these three, above-referenced grounds. Even construing the *pro se* Defendant's Motions to Reconsider in a light most favorable to him, the Court notes that there has been no intervening change in any of the controlling law; (2) there is no indication that any new evidence, not previously available to the Court when the Court last ruled on these Motions five days ago, has now come to light; and (3) there is no clear error of law or fact to correct, nor to prevent manifest injustice.

Therefore, Defendant's Motions field at document numbers 211, 212, and 213 are all **DENIED.**

**SO ORDERED**, this 26th day of June, 2013.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge


cc: All Registered ECF Counsel and

Regonaldo DeMelio
DOC and POD No. 69928  4C
Allegheny County Jail
950 Second Ave.
Pittsburgh, PA 15219-3100